1  Richard G. McCracken, SBN 2748
2  Andrew J. Kahn, SBN 3751
   DAVIS COWELL & BOWE
3  595 Market St. #1400
   San Francisco CA 94105
4  Tel. (415) 597-7200
   Fax (415) 597-7201
5  E-mail: rmccracken@dcbsf.com
6          ajk@dcbsf.com

7  Kirill Penteshin
8  Staff Attorney
   UNITE HERE Local 11
9  464 South Lucas Ave, Suite 201
10 Los Angeles, CA 90017
   Tel.: 213-481-8530 x258
11 Fax: 213-481-0352
12 Email: Kpenteshin@unitehere11.org

13 Attorneys for Plaintiff UNITE HERE Local 11

14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17

18 UNITE HERE LOCAL 11,            Case No.:
                                   SACV11-00579 JVS(RNPx)
19          Plaintiff,
                                   COMPLAINT AND PETITION TO
20     vs.                         COMPEL ARBITRATION
21
   DISNEYLAND RESORT,              (Federal Arbitration Act; Labor
22                                 Management Relations Act)
23          Defendants.

24
25     Plaintiff UNITE HERE Local 11, petitions this Court for an order compelling arbitration
26 in accordance with the terms of an arbitration agreement pursuant to 9 U.S.C. § 4 and 29 USC
27 §185, on the following grounds:
28

                                        1
COMPLAINT AND PETITION TO COMPEL ARBITRATION

## PARTIES

1.     Plaintiff is a labor organization, with its principal place of business located in the Central District of California representing employees at Disneyland hotels in an industry affecting interstate commerce.

2.     Defendant Disneyland Resort operates in Anaheim California and is an employer affecting interstate commerce.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, Section 301 of the Labor Management Relations Act (29 USC §185) and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. Venue is properly before this Court pursuant to 28 U.S.C. § 1391, 29 USC Section 301 of the Labor Management Relations Act (29 USC §185) and Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4.

## FACTUAL ALLEGATIONS

4.     Plaintiff and Defendant entered into a collective bargaining agreement   ("the CBA"), a copy of relevant portions of which are attached hereto as Exhibit A.

5.     Although the CBA's stated expiration date has passed, the parties have treated the CBA as still in effect for disciplinary matters, and have arbitrated other cases arising after such expiration date.

6.     A controversy arose between Plaintiff and Defendant in which Plaintiff claimed that Defendant terminated Mary Ann Hegner in violation of the CBA's just cause requirement.

7.     Plaintiff filed a grievance to this effect. The parties proceeded through the grievance process set forth in the CBA and at the final stage of the grievance process, Plaintiff demanded arbitration.

8.     Defendant agreed to arbitrate the just cause issue in the letter attached hereto as Exhibit B.

COMPLAINT AND PETITION TO COMPEL ARBITRATION

1        9.      However, Defendant later changed its mind and has refused to arbitrate the issue

2    of just cause.

3        10.     Plaintiff relied on this Agreement in various ways including by not taking

4    economic action over the dispute at a time it would be most effective. Moreover, the common

5    law of LMRA section 301 does not require consideration for a labor agreement to be binding.

6        11.     Defendant's failure to arbitrate is without substantial justification.

7        **WHEREFORE**, Plaintiff prays,

8        1.      For an order compelling Defendant to proceed to arbitration forthwith;

9        2.      For Plaintiff's attorneys fees pursuant to section 301;

10       3.      For Plaintiff's costs herein;

11       4.      For such and other relief as the Court deems just and proper.

12

13   Dated:  April 14, 2011        Respectfully submitted,

14                   McCRACKEN, STEMERMAN &

15                   HOLSBERRY

16

17                   By:  _____

18                       Richard G. McCracken

                      Andrew J. Kahn

19

20                   Attorneys for Plaintiff UNITE HERE Local 11

21

22

23

24

25

26

27

28

COMPLAINT AND PETITION TO COMPEL ARBITRATION

# EXHIBIT A

# AGREEMENT

## Between

## Walt Disney World Co.
## dba Disneyland Hotel, Disney's Paradise Pier Hotel, and Disney's Grand Californian Hotel

## and

## Hotel Employees and Restaurant Employees (HERE) Union, Local 681, AFL-CIO

**4 Year Agreement**
**Effective 2/1/04 – 1/31/08**

The terms and conditions of employment contained in this Agreement shall cover employees working at the Disneyland Resort Hotels (Disneyland Hotel, Disney's Paradise Pier Hotel ("DPPH") and Disney's Grand Californian Hotel) ("DGCH"). This Agreement shall not pertain to employees working in the "Theme Park" in Disneyland, Disney's California Adventure or the Retail, Dining, and Entertainment Complex known as "Downtown Disney."

THIS AGREEMENT is entered into by and between Walt Disney World Co., dba Disneyland Resort Hotels, Anaheim, California (hereinafter referred to as the "Employer") and the HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES (H.E.R.E.) UNION, Long Beach and Orange County, California, Local #681, AFL-CIO (hereinafter referred to as the "Union"), acting on behalf of the employees of the Employer within the jurisdiction of the Union employed in the classifications hereinafter specified.

## WAIVER

**During the term of this Agreement or any extension thereof, the parties each voluntarily waive the right, and each agrees that the other shall not be obligated to bargain collectively with respect to any matter, which has been raised and disposed of during the course of the collective bargaining, which resulted in this Agreement.**

## WITNESSETH

WHEREAS, the Union is affiliated with the Hotel Employees and Restaurant Employees Union International and the AFL-CIO; and

WHEREAS, The Union is authorized to represent all employees of the Employer working in the classifications hereinafter specified; and

WHEREAS, it is the expressed intent hereof that the parties shall operate their labor relations in accordance with the true intent and meaning of this Agreement;

NOW, THEREFORE, in consideration of the foregoing premises and mutual promises and agreement herein contained, the parties hereto do hereby agree:

## ARTICLE 1
## TERMS AND CONDITIONS

In consideration of the covenants set forth herein, the Employer agrees that all of its employees within the jurisdiction of the Union shall be employed under the terms hereof and the Union agrees that all employees represented by it hereunder will work according to the terms and conditions of this Agreement during the term thereof.

C.      DISPUTES WITH OTHER UNIONS

All jurisdictional disputes between the Union signatory hereto, or on whose behalf of this Agreement is made, or any other Unions affiliated with the AFL-CIO, shall be determined in the manner and by the procedure established by the American Federation of Labor and Congress of Industrial Organizations and no jurisdictional stoppages or slow-downs shall be imposed upon the Disneyland **Resort**.

## ARTICLE 9
## DISCHARGE

A.      Any employee who is to be discharged must be so notified at the end of his shift.  If this is not done and he reports to work the next day and is not put to work, he shall receive a full day's pay for so reporting.

B.      Discharge shall be for cause only and in the event of a dispute, the matter shall be resolved under the provisions of Article 26 hereof.

C.      The Union shall not be obliged to notify any member of discharge or change of shift; this must be done by the Employer.

D.      An employee may request that a Union Representative (including Shop Steward) be present during an investigatory conference with management.

## ARTICLE 10
## HEALTH AND SAFETY

The Employer and the Union jointly recognize the importance of maintaining a safe environment.  The Employer agrees to comply with all State and Federal OSHA requirements.

The Employer agrees to continue present practices regarding floor slats and mats, and to review all new facilities with regard to such present practices.

Employees receiving written safe work practices and/or training information or materials from the Company may be required to sign for receipt of such information and/or material in order to document that employees have been given said information and/or materials.

## ARTICLE 11
## LEAVE OF ABSENCE

A.      A Regular employee's request for leave of absence, not to exceed thirty (30) days, will be given consideration by the Employer and will be granted if there is good cause for it and the employee's services can reasonably be spared.  All leaves of absence will be granted in writing.  No leave of absence will be extended beyond thirty (30) days except for compelling reasons.

B.      A Regular employee who requests a leave of absence because of an occupational or non-occupational illness or injury, including pregnancy, will upon certification of the employee's

8

The following units/locations have an established day/night crew and schedule:

| **D/L Hotel** | **Paradise Pier Hotel** |
|---|---|
| Granvilles Front of House | - Main Kitchen |
| Hook's Point Front of House | - Stewarding |
| Goofy's Culinary | - **Yamabuki's** |
| Room Service Culinary | |
| Granvilles Culinary | |
| Bake Shop | |
| Custodial | |
| Room Service | |

D.      In no event shall any employee, regardless of seniority, have the right to any specific assignment or schedule in the absence of an opening, except when returning from an authorized leave of absence or vacation or when there is a significant change in the nature of the operation within the specific unit.  In the event of such a change the revised schedule, as determined by the Employer, will be open to affected employees and the principles of seniority will be observed where skill and ability are relatively equal as determined by the Employer.

Where requests are made simultaneously, vacation periods and leaves of absence will be awarded by seniority.  Requests not to be scheduled on a holiday will be awarded by seniority. Every effort will be made to assure that the preferences are protected.  This language is not meant to imply that the Employer must grant any request for time off when the needs of the business, as determined by the Employer, do not allow it.

A Casual-Temporary employee who is converted to Regular status shall receive a vacation accrual date which is identical with his most recent seasonal hire date.

E.      Seniority will be lost under the following circumstances:

        1.      Discharge for just cause.
        2.      Resignation
        3.      Layoff and not recalled within six (6) calendar months.
        4.      Loss of unit seniority:
            a.      Transfer to new location
            b.      Change in job classification

F.      Newly hired or rehired Regular employees shall be considered to be on probationary status during the first sixty (60) calendar days of employment with the Employer.  During the probationary period, an employee shall be subject to termination at the sole and absolute discretion of the Employer and such termination shall not be subject to grievance and/or arbitration by either the Union or the employee.  All other terminations shall be for just cause only.

G.      The seniority principles outlined in Article 19. Seniority shall not apply where employees are being promoted from a bargaining unit classification to a temporary non-bargaining unit management position.  When this occurs the employee shall maintain his or her classification for a period of fifty-two (52) consecutive payroll weeks for purposes of transferring back to such

ARTICLE 24
TRAINING/MEETINGS

1.      If an employee is required to attend a meeting or training session during a non-scheduled workday, such employee shall be entitled to receive a minimum of four (4) hours pay at the straight time rate.  When an overtime condition exists, the employee shall be paid this minimum four (4) hour pay in accordance with Article 16.

2.      If an employee is required to attend a meeting or training session immediately preceding or following such employee's scheduled workday, compensation shall be on a straight time basis for the actual time of the meeting or training session except when overtime conditions exist.  Overtime shall be paid in accordance with Article 16.

ARTICLE 25
MEALS

All employees shall be responsible for and required to pay for their own meals.

ARTICLE 26
GRIEVANCE AND ARBITRATION PROCEDURE

A.      Any grievance filed by an employee under this Agreement, with the exception of vacation pay grievance, shall be filed within fifteen (15) working days after the alleged violation and any determination through the grievance and arbitration procedure shall not exceed thirty (30) calendar days retroactive computation prior to the violations.

B.      Grievance Procedure:

Step 1.a.      Any employee who believes he or she has a specific justifiable request or complaint in regard to wages, hours, conditions of employment or interpretation of this Agreement shall discuss the same with his immediate supervisor with, or without, a Union representative being present, as the employee may elect, in an attempt to settle the issue. Any solution or settlement shall be consistent with the terms and provisions of this Agreement.  Any issue not raised within fifteen (15) working days after its occurrence, or after the aggrieved became aware or should have become aware of the alleged violation, shall be deemed waived or abandoned.  If the issue is not settled within five (5) working days after its presentation to the supervisor, the employee or the Union representative may proceed to Step 2 of the grievance procedure within seven (7) working days.

b.      In case of discharge, either party may unilaterally waive Step 1 and proceed directly to Step 2.

An employee notified of warnings, in writing, shall be expected to sign such notice as acknowledgment of receipt, but such signing shall in no way constitute agreement with the contents of such notice.

Step 2.a.      Upon invocation of Step 2, any complaint not resolved under Step 1 shall be reduced to writing, setting forth the alleged violation, date, those involved and location and

25

presented to Human Resources/Labor Relations. The Employer representative and the Union Business Representative shall meet within seven (7) working days to attempt to settle the same. The answer to a grievance shall be reduced to writing and forwarded to the grievant's representative within seven (7) working days after the parties have met.

      b.     If a satisfactory solution was not arrived at in Step 2, then Step 3 may be invoked within seven (7) working days following receipt of the unsatisfactory written answer by notifying the personnel representative in writing.

Step 3.a.     If an issue cannot be resolved in accordance with the procedures described above the moving party may elect to refer the matter to an impartial arbitrator by giving written notice upon the **Director of Labor Relations** or his designated representative indicating its desire to arbitrate. The Written demand for arbitration shall set forth the grievance to be arbitrated, the Article(s) of the Agreement alleged to have been violated, and the relief sought.

      Representatives of the Union and the Employer shall attempt to select an arbitrator from the permanent panel of five (5) to hear and determine the specific grievance (Doug Collins, Howard Block, Bill Rule, Jonathon Monat, **Tom Roberts**). In the event an arbitrator cannot be mutually agreed upon within five (5) working days after the written demand for arbitration has been served, the Union shall first strike one (1) name from the list and the Employer shall then strike one (1) name, thus alternating until the remaining name shall be the arbitrator.

      The arbitrator shall not have any authority, jurisdiction or power to alter, amend, change or modify, add to or subtract from any of the provisions of this Agreement.

      The arbitrator shall have the power and authority to award appropriate relief and to remedy any violations of this Agreement and to preclude any such further violations, but he shall not have the power or authority to award punitive or exemplary damages. The award of the arbitrator shall be final and binding upon the Union, the employee involved, and the Employer.

      b.     All time limits may be extended by mutual consent of the parties. Noncompliance with the time limits or mutual extension thereof, on the part of the moving party, shall result in forfeiture of that party's position.

      c.     The fees and expenses of the Arbitrator shall be borne by the party against whom the Arbitrator makes a decision.

      d.     Calculations for any retroactivity regarding tips and/or gratuities shall be based on declared tips and/or gratuities.

      e.     Employees changing their personal status (name or social security number) shall not be subject to disciplinary action.

C.     Should the Employer feel that there is a just complaint the matter shall be taken up with the Business Representative of the Union and if a satisfactory settlement is not reached, the Employer may proceed in an attempt to settle the issue in the same manner as outlined herein for the adjustment of an employee complaint.

# EXHIBIT B



July 6, 2010

Russell Maitland
Unite HERE, Local 11
13252 Garden Grove Blvd., Suite 200
Garden Grove, CA 92843

Via Fax and Mail

Re: Arbitration Request – Mary Ann Hegner Separation

Dear Russell:

This letter responds to the above-referenced grievance. The Company is in receipt of your request to arbitrate this grievance. The Company is willing to arbitrate this grievance. Please contact me by no later than July 13, 2010, to strike for arbitrators.

Please let me know if you have any questions. Thanks for your continued cooperation.

Sincerely,

Jeff Levon
Labor/Cast Relations Manager
Disneyland Resort

cc:    Eileen McNamara

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 579 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] Western Division | [X] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Andrew J. Kahn, SBN 3751
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, CA  94105
Telephone: 415-597-7200

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITE HERE LOCAL 11 | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV11-00579JVK(PNK) |
| v. | |
| DISNEYLAND RESORT | **SUMMONS** |
| DEFENDANT(S) | |

TO:      DEFENDANT(S):  Disneyland Resort
              700 W Ball Rd, Anaheim, CA 92802

A lawsuit has been filed against you.

Within   21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Andrew J. Kahn _____, whose address is 595 Market Street, Suite 1400, San Francisco, CA  94105 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

APR 1 4 2011

Clerk, U.S. District Court

**JULIE PRADO**

Dated: _____

By: _____
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □.) | DEFENDANTS |
|---|---|
| UNITED RETAIL 11 | DISNEYLAND RESORT |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Shayne J. Kahn, DAVIS, COWELL & BOWE, LLP<br>595 Market St., Suite 1400, San Francisco, CA 94105<br>Telephone: 415-597-7200 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

| | | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|---|
| □ 1 U.S. Government Plaintiff | ✔ 3 Federal Question (U.S. Government Not a Party) | | PTF | DEF | | PTF | DEF |
| | | Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| □ 2 U.S. Government Defendant | □ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| | | Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. ORIGIN (Place an X in one box only.)

✔ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: □ Yes  □ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: □ Yes ✔ No       □ MONEY DEMANDED IN COMPLAINT: $_____

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

9 USC sect. 4 and 29 USC sec. 185   Complaint and Petition to Compel Arbitration

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | ✔ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Accommodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | REAL PROPERTY | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | □ 210 Land Condemnation | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 220 Foreclosure | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 230 Rent Lease & Ejectment | IMMIGRATION | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 240 Torts to Land | □ 462 Naturalization Application | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 240 Torts to Land | □ 245 Tort Product Liability | □ 463 Habeas Corpus-Alien Detainee | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | □ 290 All Other Real Property | □ 465 Other Immigration Actions | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

SACV11-00579

FOR OFFICE USE ONLY:   Case Number _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES + ORANGE | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):                      Date April 14, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |